# Richmond.

## WILSON v. COMMONWEALTH.

### November 13th, 1890.

CRIMINAL PROCEEDINGS—*Information.*—Under Code, section 3990, an information filed not upon the basis of a presentment, indictment, or complaint in writing, verified by the oath of a competent witness, is insufficient.

Error to judgment of corporation court of city of Alexandria, rendered April 21st, 1890, upon an information filed against the plaintiff in error, O. S. Wilson, for peddling goods without a license. Opinion states the case.

*Samuel G. Brent,* for the plaintiff in error.

*Attorney· General R. Taylor Scott,* for the Commonwealth.

HINTON, J., delivered the opinion of the court.

This is a proceeding by information against one O. S. Wilson for peddling for sale, and selling and bartering goods, wares, and merchandise without having the license required by law.

It nowhere appears, however, that the information in this case was filed, either upon a presentment or indictment by a grand jury or upon a complaint in writing verified by the oath of a competent witness, as required by the statute (see section 3990, Code 1887), and it cannot therefore be maintained.

At common law, indeed, a criminal information might have been "filed by the attorney-general *ex officio,* upon his own discretion, without any leave of the court," or "by the king's crown or attorney in the court of king's bench," usually called the master of the crown office, who is for this purpose the standing officer of the public. Neither of these methods of procedure now obtain in this State, if, indeed, they ever did, which seems at least doubtful. 1 Bish. Cr. Prac., §§ 604, 605, 606; *Com.* v. *Ayres,* 6 Gratt., 668; *Christian's Case,* 7 Gratt., 637.

For a long series of years, by a practice unknown to the common law in England, presentments have been allowed to stand in this State as the foundation for an information in cases of misdemeanor, or the Commonwealth's Attorney has been allowed, by express statute, to file an information upon a complaint in writing, verified by the oath of a competent witness. Code 1873, ch. 201, § 2; Code 1887, § 3990; *Christian's Case, supra.*

In the present case, there being neither a presentment, for the only presentment mentioned in the record is one against one Osborn, agent Kendall Manufacturing Co., for peddling soapine without a proper license, nor a complaint in writing which may stand as a foundation for the information, it follows, as a matter of course, that the judgment must be reversed, the information must be quashed, and the prosecution must be dismissed.

JUDGMENT REVERSED.